UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARIO GALLUCCIO, MICHAEL
CARRO, ERIC CHARLES, KINGSLEY
CHIAGORO, MARK DINGLE, DANNY
GUZMAN, THOMAS MORRISEY,
ANTONIO SOTO, MICHAEL STONE,
and ASHOK SURTI,

      Plaintiffs,

      v.

PRIDE INDUSTRIES, INC., and
INTERNATIONAL UNION OF
OPERATING ENGINEERS AFL-CIO,
LOCAL 68, 68A, 68B,

      Defendants.

HONORABLE NOEL L. HILLMAN

CIVIL ACTION NO. 15-3423

**OPINION**

**APPEARANCES:**

RESNICK LAW GROUP
By:  Gerald Jay Resnick, Esq.
5 Becker Farm Road, 4th Floor
Roseland, New Jersey 07068
                Counsel for Plaintiffs

LITTLER MENDELSON, P.C.
By:  Jedd Mendelson, Esq.
One Newark Center, 8th Floor
Newark, New Jersey 07102
                Counsel for Defendant Pride Industries, Inc.

O'BRIEN, BELLAND & BUSHINSKY, LLC
By:  Steven J. Bushinsky, Esq.
    Mark E. Belland, Esq.
1526 Berlin Road
Cherry Hill, New Jersey 08003
                Counsel for Defendant Local 68

**HILLMAN**, United States District Judge:

This is an employment suit.  Plaintiffs are all current or former employees of Defendant Pride Industries, and current or former members of the Defendant Union, Local 68.  They assert that Pride and the Union discriminated against them on the basis of their disabilities, and retaliated against them when they complained about the discrimination.

The original complaint asserted three counts for violation of the New Jersey Law Against Discrimination ("LAD")(disparate treatment, disparate impact, and retaliation), and one count for breach of the union's duty of fair representation pursuant to Section 301 of the Labor Management Relations Act ("LMRA").

Both Defendants moved to dismiss all four counts, arguing that the LAD claims were either preempted by the LMRA or precluded by the federal enclave doctrine, and that the fair representation count was time-barred.  In response, Plaintiffs seek to amend their complaint to replace their LAD claims with Americans with Disability Act ("ADA") claims, and to add additional allegations in support of the fair representation claim.  Defendants counter that amendment is futile, arguing that all four amended counts are time-barred.

For the reasons stated herein, the Court will grant in part, and deny without prejudice in part, Plaintiffs' Cross-Motion to

Amend the Complaint.  Defendants' Motions to Dismiss the original complaint will be denied as moot.

## I.

The proposed Amended Complaint alleges the following facts. The collective bargaining agreement ("CBA") between Defendant Pride and Defendant Local 68 distinguishes between earlier-hired "incumbent" employees, and more recently hired "non-incumbent" employees.  Pursuant to the CBA, incumbent employees earn more money, while simultaneously paying less for benefits, than their non-incumbent counterparts. (See Proposed Amended Complaint, ¶¶ 21-24)  The CBA's "effective dates" are "June 2, 2014 through May 31, 2017," (Cover Page of the CBA, Plaintiffs' Ex. A to Cross-Motion to Amend), although, significantly, the CBA was not executed until October 13, 2014.  The 2014 CBA continued the incumbent/non-incumbent distinction from the previous 2011 CBA. (Proposed Amended Complaint, ¶ 20)

Plaintiffs are all non-incumbents who "have worked for Pride in a building maintenance capacity at Fort Dix [Army Base] since on or after July 1, 2010." (Proposed Amended Complaint, ¶ 15) Also, they all are disabled. (Id.)  Indeed, Plaintiffs were specifically "hired pursuant to pursuant to an AbilityOne contract requiring Pride to employ a certain number of disabled workers at Fort Dix." (Id.)  Plaintiffs assert that the CBA's incumbent/non-incumbent distinction is simply pretext for disability

3

discrimination, or alternatively, disparately impacts disabled employees. (See Proposed Amended Complaint, ¶ 20, Count One, Count Two)

Allegedly, "Defendants have so discriminated against Plaintiffs on a continuing basis from approximately June 2011 to the present." (Proposed Amended Complaint, ¶ 17) Plaintiffs complained about this disparity "after the 2011 CBA was ratified," (Proposed Amended Complaint, ¶ 25), and again in October, 2014, during the negotiation of the 2014 CBA. (Id., ¶ 26)

Plaintiffs allege that after they filed the instant suit, they "suffered retaliation in the form of: a demeaning and rather unusual work assignment (shredding company documents all day), a sudden (and seemingly strategic and intimidating change in the chain of command, HR's refusal to provide routine documents, sudden policy changes/interpretations, and nitpicking/threatened discipline on matters that were never before a problem (and are not a problem for others)." (Proposed Amended Complaint, ¶ 46)

Additionally, Plaintiff Eric Charles was allegedly fired on June 11, 2015 in retaliation for filing this lawsuit. (Proposed Amended Complaint, ¶¶ 7, 46)

## II.

Amendments to pleadings "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendments under Rule 15 should be liberally granted in order to ensure that

claims will be decided on their merits rather than on technicalities. *See Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). Thus, in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, amendments should be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amending the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss. *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

**III.**

Defendants argue amendment is futile because all four counts are time-barred.[1] The Court considers the ADA counts before turning to the fair representation count.

**A.**

As to the ADA claims, Plaintiffs' claims are timely if charges were filed with the EEOC within 180 days of the discriminatory or retaliatory conduct. *Compare Mikula v. Allegheny County of Pennsylvania*, 583 F.3d 181, 186 (3d Cir. 2009)

---

[1] Pride had argued that the ADA claims should be dismissed because the EEOC had not yet issued right-to-sue letters. Plaintiffs have now received right-to-sue letters, which moots this argument.

("[plaintiff's] Title VII pay discrimination claim is timely as to paychecks she received . . . 300 days before she filed her EEOC charge.") *with Morris v. Eberle & BCI, LLC*, No. 13-6113, 2014 WL 4352872 at *4-5) (D.N.J. Sept. 3, 2014)(Hillman, D.J.)(holding that, because Fort Dix is a federal enclave, the 180-day limitation period-- as opposed to the extended 300-day period-- applies to plaintiff's ADA claim for disability discrimination allegedly suffered while working at Fort Dix).

While the Proposed Amended Complaint clearly indicates that charges *were* filed with the EEOC -- Plaintiffs allege they received right-to-sue letters on August 20, 2015 (Proposed Amended Complaint ¶ 30) -- the Proposed Amended Complaint is silent as to *when* the charges were filed, as well as what claims were included in the charges.

To state the obvious, when the charges were filed is critical to the timeliness/futility of amendment analysis. *See* Fed. R. Civ. P. 9(f) ("An allegation of time . . . is material when testing the sufficiency of the pleading.").[2]  Furthermore, such information is

---

[2]  *See also* 5A The Late Charles Alan Wright, et. al., Federal Practice and Procedure, § 1308 (3d ed.)("Since Rule 9(f) makes allegations of time material . . .  the defense of the statute [of limitations] may be raised on a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the complaint that the time limit for bringing the claim for relief has passed. Thus, although Rule 9(f) apparently was designed simply to require a higher level of reliable information in the pleadings, the federal courts have employed the rule as a screening device for time-barred claims, which seemingly is consistent with the general

well within Plaintiffs' knowledge; therefore it is entirely reasonable to expect Plaintiffs to plead such facts at this stage of the case.

Additionally, the Court must note that Plaintiffs' papers make no distinction between Plaintiffs who are current employees and those who are former employees. The distinction, however, matters. Even if one might plausibly conclude that *current* employees received a paycheck within the 180-day period (no matter when that period specifically began and ended), the same cannot be said for former employees, Plaintiffs Michael Carro, Eric Charles, and Michael Stone. Absent allegations as to the last date each former employee was paid, and a corresponding date upon which their EEOC charge was filed, the Court cannot determine whether the former employees' claims are timely.

Thus, as to the ADA claims, the Motion to Amend will be denied without prejudice. Plaintiffs may attempt to cure the pleading deficiencies by filing another Motion to Amend within 20 days.

**B.**

It is undisputed that the fair representation claim has a six-month limitation period, *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983), and that "[t]he limitations period

---

philosophy set forth in Rule 1 of achieving a just, speedy, and inexpensive adjudication of civil disputes.").

. . . begins to run when the plaintiff knows or reasonably should know of the acts contributing to the union's wrongdoing in failing to adequately represent the member's interests." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 593 (3d Cir. 2005); *see also Hersh v. Allen Products Co.,* 789 F.2d 230, 232 (3d Cir. 1986).

The original complaint was filed on April 8, 2015; therefore, if Plaintiffs knew or should have known of their claims prior to October 8, 2014, their claims are time-barred and amendment would be futile.  Herein lies the rub: Plaintiffs contend that the earliest possible date they could have known of their claim is October 13, 2014 (five days *after* October 8th), when the CBA was executed.  On the other hand, Defendants argue that Plaintiffs knew of their claim on October 3, 2014 (five days *before* October 8th), when the Union voted to ratify the CBA.

The Court declines to make such a close call on an undeveloped record when the legal inquiry turns on what each Plaintiff knew and when. *See Pagano v. Bell Atlantic-New Jersey,* 988 F. Supp. 841, 846 (D.N.J. 1997) (granting plaintiff's motion to amend his complaint to include a fair representation claim, explaining that "[a] court must employ a case-by-case analysis to determine when the statute of limitations begins to run.").[3]

---

[3] *See also Lucas v. Mountain States Tel. & Tel.,* 909 F.2d 419, 420-21 (10th Cir. 1990) ("the limitation period begins to run when

On this issue, the parties' briefs raise more questions than they answer.  First, it is not clear that each Plaintiff was present at the ratification vote.  Second, Plaintiffs assert that they did not actually receive a copy of the 2014 CBA until "some time after" the CBA was executed.  Third, overlaying these alleged facts is another complicating factor: at least some of the Plaintiffs are alleged to have a "mental impairment that substantially limits one or more major life activities." (Proposed Amended Complaint, ¶ 16)

As the above discussion should make clear, determining when Plaintiffs knew or should have known of their fair representation claims, in this case, is better addressed at summary judgment, rather than within the context of a futility analysis of a Motion to Amend.  Defendants have not adequately demonstrated that amendment would be futile.  Accordingly, Plaintiffs' Motion to Amend will be granted as to the fair representation claim.

---

an employee knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations. *Application of this general rule turns on the context in which the claim arose.*") (emphasis added; internal citations omitted); *Scerba v. Allied Pilots Ass'n*, No. 13 CIV. 3694 LAK AJP, 2013 WL 6481583, at *8 (S.D.N.Y. Dec. 10, 2013) ("The fact that some cases have held that the ratification date was the latest possible date on which those plaintiffs could have learned of the breach does not transform the knowledge standard into a bright-line rule; . . .  a claim accrues when the plaintiff knows or reasonably should know of the breach, *and this may occur before, after, or simultaneously with ratification*, *depending on the particular facts of each case*.") (emphasis added).

9

**IV.**

For the reasons set forth above, Plaintiffs' Cross-Motion to Amend the Complaint will be denied without prejudice with leave to amend within 20 days as to the ADA counts (Counts 1 through 3 of the Proposed Amended Complaint). The Motion to Amend will be granted as to the fair representation count (Count 4 of the Proposed Amended Complaint). Defendants' Motions to Dismiss the original complaint will be denied as moot.

An appropriate Order accompanies this Opinion.


Dated:   January 20, 2016
         At Camden, New Jersey          __s/ Noel L. Hillman_____
                                        **Noel L. Hillman, U.S.D.J.**