UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIO GALLUCCIO, MICHAEL CARRO, ERIC CHARLES, KINGSLEY CHIAGORO, MARK DINGLE, DANNY GUZMAN, THOMAS MORRISEY, ANTONIO SOTO, MICHAEL STONE, and ASHOK SURTI,<br><br>    Plaintiffs,<br><br>    v.<br><br>PRIDE INDUSTRIES, INC., and INTERNATIONAL UNION OF OPERATING ENGINEERS AFL-CIO, LOCAL 68, 68A, 68B,<br><br>    Defendants. | HONORABLE NOEL L. HILLMAN<br><br>CIVIL ACTION NO. 15-3423<br><br>**OPINION** |

**APPEARANCES**:

RESNICK LAW GROUP
By:  Gerald Jay Resnick, Esq.
     Vincent Antoniello, Esq.
5 Becker Farm Road, 4th Floor
Roseland, New Jersey 07068
          Counsel for Plaintiffs

LITTLER MENDELSON, P.C.
By:  Jedd Mendelson, Esq.
One Newark Center, 8th Floor
Newark, New Jersey 07102
          Counsel for Defendant Pride Industries, Inc.

O'BRIEN, BELLAND & BUSHINSKY, LLC
By:  Steven J. Bushinsky, Esq.
     Mark E. Belland, Esq.
1526 Berlin Road
Cherry Hill, New Jersey 08003
          Counsel for Defendant Local 68

1

**HILLMAN**, United States District Judge:

This is an employment suit.  Plaintiffs are all employees of Defendant Pride Industries, and members of the Defendant Union, Local 68.[1]  They assert that Pride and the Union discriminated against them on the basis of their disabilities, and retaliated against them when they complained about the discrimination.

---

[1]  It is somewhat unclear which Plaintiffs remain in this suit at this time.  The original complaint asserted claims on behalf of ten Plaintiffs, seven of whom were (and are) alleged to be current employees of Defendant Pride Industries and current members of Local 68; and three of whom were alleged to be former employees/members.

As this Court explained in its previous opinion on Plaintiffs' Motion to Amend the Complaint, neither the Complaint, nor the Proposed Amended Complaint at the time, made any distinction between former and current employees/members, which posed problems for the legal analysis.  *See Galluccio v. Pride Indus.*, 2016 U.S. Dist. LEXIS 6257 at *6-7 (D.N.J. Jan. 20, 2016).

Now, in support of Plaintiffs' instant Motion to Amend, Plaintiffs' counsel submits a declaration wherein he states that two of the former employee Plaintiffs -- Michael Carro and Michael Stone -- are "no longer pursuing" their claims.  However, this statement notwithstanding, neither Plaintiff has filed a notice of dismissal.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

As to the other former employee/member Plaintiff, Eric Charles, Plaintiffs' counsel states in a letter to the Court that "Plaintiff Charles settled his retaliatory termination claim at arbitration." (Docket Entry #42)  Yet he, too, has filed no notice or stipulation of dismissal.

In short, Plaintiffs' counsel has not been sufficiently clear as to which claims of which former employee/member Plaintiffs-- if any-- remain in this suit at this time.  Accordingly, the Court's decision only addresses the claims of the current employee/member Plaintiffs.  Counsel is directed to take all appropriate procedural steps, including any stipulations of dismissals or motions, necessary to clarify the present status of all former employee/members.

Presently before the Court is Plaintiffs' Motion to Amend the Complaint to allege discriminatory compensation setting in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.  Defendants oppose the motion, arguing that amendment is futile because the claims are time-barred.  The issue presented is discrete: Does the Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. § 2000e-5(e)(3) ("FPA"), apply to Plaintiffs' claims?  If so, Defendants have not disputed that amendment would not be futile.  The Court holds that the FPA does apply to the claims at issue; accordingly the Motion to Amend will be granted.

**I.**

The Proposed Amended Complaint ("Prop. Amend. Compl.")(Docket #42-1) alleges the following facts.

The collective bargaining agreement between Defendant Pride and Defendant Local 68 distinguishes between earlier-hired "incumbent" employees, and more recently hired "non-incumbent" employees.  Pursuant to the CBA, incumbent employees earn more money, while simultaneously paying less for benefits, than their non-incumbent counterparts.  Specifically, the Proposed Amended Complaint alleges,

> 20. . . . Defendants conspired to force Plaintiffs and other disabled employees (the so-called 'non-incumbents') to pay up to three (3) times (or more) for the very same benefits as non-disabled employees.
>
> . . .

> 22. . . . Defendants also enabled non-disabled employees to make several dollars more per hour than disabled employees, like Plaintiffs, in the very same job classification. They did so by implementing a discriminatory 'stipend' that correlated to benefits costs and which clearly favored the incumbent (non-disabled) employees.

(Prop. Amend. Compl., ¶¶ 20, 22)

Plaintiffs are all non-incumbents who "have worked for Pride in a building maintenance capacity at Fort Dix [Army Base] since on or after July 1, 2010." (Prop. Amend. Compl., ¶ 13)  Also, they all are disabled. (Id.)  Indeed, Plaintiffs were specifically "hired pursuant to an AbilityOne contract requiring Pride to employ a certain number of disabled workers at Fort Dix." (Id.)  Plaintiffs assert that the CBA's incumbent/non-incumbent distinction is simply pretext for disability discrimination, or alternatively, disparately impacts disabled employees. (See Prop. Amend. Compl., Counts One and Two)

## II.

Amendments to pleadings "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  Amendments under Rule 15 should be liberally granted in order to ensure that claims will be decided on their merits rather than on technicalities. *See Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).  Thus, in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, amendments should be granted.

4

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amending the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss. *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

### III.

As stated in the Court's previous opinion in this case, "Plaintiffs' claims are timely if charges were filed with the EEOC within 180 days of the discriminatory . . . conduct." *Galluccio v. Pride Indus.*, 2016 U.S. Dist. LEXIS 6257 at *5 (D.N.J. Jan. 20, 2016)(citing *Mikula v. Allegheny County of Pennsylvania*, 583 F.3d 181, 186 (3d Cir. 2009), and *Morris V. Eberle & BCI, LLC*, No. 13-6113, 2014 WL 4352872 at *4-5 (D.N.J. Sept. 3, 2014)).[2]

The question here is, what is the discriminatory conduct? The FPA clearly answers that question:

> an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, *including each time wages, benefits, or*

---

[2] The Court denied without prejudice Plaintiffs' previous Motion to Amend their complaint because the Proposed Amended Complaint (Docket #12-5) did not allege when Plaintiffs filed charges with the EEOC. The current Proposed Amended Complaint (Docket #42-1) remedies that deficiency.

> *other compensation is paid, resulting in whole or in part from such a decision or other practice.*

42 U.S.C. § 2000e-5(e)(3)(A) (emphasis added). Thus, if each plaintiff received a paycheck within 180 days of July 9, 2015-- the date each filed their EEOC charges (Prop. Amend. Compl., ¶ 13)-- then their ADA claims are timely. Since the plaintiffs are all alleged to be hired around July, 1, 2010 (Prop. Amend. Compl. ¶ 17), and are currently still employed by Pride (Prop. Amend. Compl. ¶¶ 5, 7-12), the Court may plausibly infer that each received an allegedly discriminatory paycheck within the administrative period, and may therefore conclude that the claims are timely.

In an attempt to circumvent the above analysis, Defendants rely on caselaw which has held that the FPA does not apply to certain types of claims-- namely, failure-to-promote claims and reduction-in-force claims. *See, e.g., Noel v. The Boeing Co.*, 622 F.3d 266 (3d Cir. 2010); *Almond III v. Unified Sch. Dist. #501*, 749 F. Supp. 2d 1196 (D. Kan. 2010). In distinguishing such claims from wage discrimination claims, courts have explained that the distinction makes sense because "compensation decisions . . . are often concealed and not discovered until long after the 180- or 300-day administrative period expires," whereas "discrete employment decisions, like promotion decisions" are usually "'fully communicated discrete acts [which are] easy to identify as

6

discriminatory'" at the time the action is taken. *Noel*, 622 F.3d at 274 (quoting Justice Ginsburg's dissenting opinion in *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 645 (2007)).

Defendants seek to extend that reasoning to this case, which clearly alleges pay discrimination. Defendants argue that here, the decision to pay non-disabled incumbents and disabled non-incumbents differently was fully communicated and not concealed, because it was the subject of collective bargaining; therefore, the Court should hold that the FPA does not apply to Plaintiffs' claims.

The flaw in Defendants' reasoning, however, is that the statute unambiguously applies to "discriminatory compensation decisions," which is exactly what Plaintiffs allege in this case.

Moreover, consistent with the statutory language, Third Circuit precedent demonstrates that the determination of whether the FPA applies to a particular claim does not turn on plaintiffs' knowledge of the discriminatory conduct, but rather the type of claim asserted. *See Noel*, 622 F.3d at 275 ("a failure-to-promote claim is not a discrimination-in-compensation charge within the meaning of the FPA."); *Mikula*, 583 F.3d at 186 (holding that "the failure to answer a request for a raise qualifies as a compensation decision," and therefore concluding that the FPA applied to Mikula's Title VII pay discrimination claim); *see also Aubrey v. City of Bethlehem,* 466 F. App'x 88, 94 (3d Cir.

2012)("[T]he Ledbetter Act does not apply, and therefore cannot excuse a time barred claim, when a plaintiff has not alleged wage discrimination."); *Davis v. Bombardier Transp. Holdings (USA), Inc.*, 794 F.3d 266, 270 (2d Cir. 2015) ("[We] concur with the Third Circuit's assessment that 'the plain language of the [Ledbetter Act] covers compensation decisions and not other discrete employment decisions,' such as hirings, firings, promotions, and demotions.")(quoting *Noel*).[3]

Plaintiffs here allege wage discrimination; therefore the FPA applies, and Plaintiffs' claims are timely. Accordingly, amendment would not be futile, and Plaintiffs' Motion to Amend will be granted.

**IV.**

For the reasons set forth above, Plaintiffs' Motion to Amend the Complaint will granted.

An appropriate Order accompanies this Opinion.


Dated:   September 13, 2016
         At Camden, New Jersey            ___s/ Noel L. Hillman___
                                          **Noel L. Hillman, U.S.D.J.**

---

[3] For this reason, the Court also rejects Defendants' alternative argument that if the Court grants the Motion to Amend, the Court should initially limit discovery to the issue of Plaintiffs' knowledge of the alleged discriminatory conduct.

8