```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

MARIO GALLUCCIO, et al.,

              Plaintiffs,           1:15-cv-03423-NLH-AMD

     v.
                                    OPINION
PRIDE INDUSTRIES, INC., and
INTERNATIONAL UNION OF OPERATING
ENGINEERS AFL-CIO,

              Defendants.

RESNICK LAW GROUP, P.C.,

              Petitioner.
_____
```

**APPEARANCES:**

THOMAS ASTON MCKINNEY
CASTRONOVO & MCKINNEY, LLC
71 MAPLE AVENUE
MORRISTOWN, NJ 07960

   *On behalf of Plaintiffs*

GERALD JAY RESNICK
RESNICK LAW GROUP
5 BECKER FARM ROAD
SUITE 410
ROSELAND, NJ 07068

   *On behalf of Petitioner Resnick Law Group, P.C.*

**HILLMAN**, **District Judge**

Currently before the Court is the Notice of Attorney's Fees Lien Petition filed by Petitioner Resnick Law Group, P.C. ("Resnick"). (Docket No. 141, 148.) Resnick served as

Plaintiffs' original counsel in this matter.[1]  According to Resnick, on November 20, 2017, Plaintiffs' current counsel, Castronovo & McKinney, LLC ("McKinney"), informed Resnick of its intent to substitute as counsel for Plaintiffs, and on November 27, 2017, Resnick informed McKinney of the amount of its attorney's fees lien pursuant to N.J.S.A. 2A:13-5 prior to McKinney formally taking the case.[2]

---

[1] The action between Plaintiffs and Defendants concerned claims by eight disabled Plaintiffs that their employer and union discriminated against them by their classification in the collective bargaining agreement which affected their pay and benefits, while non-disabled employees were not so classified or affected.  Those claims ultimately settled, and final settlement proceeds were distributed as of November 5, 2019.  This Court exercises ancillary jurisdiction over the attorney lien dispute. (See Docket No. 159 at n.1.)

[2] N.J.S.A. 2A:13-5 – Lien for services, provides:

> After the filing of a complaint or third-party complaint or the service of a pleading containing a counterclaim or cross-claim, the attorney or counsellor at law, who shall appear in the cause for the party instituting the action or maintaining the third-party claim or counterclaim or cross-claim, shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.

Resnick states that when it learned of the March 2019 settlement, on April 15, 2019, Resnick sent each of the Plaintiffs, as well as McKinney, pre-action notices regarding its attorney's lien. The notices provided:

> You retained our firm in February 2015 in connection with claims against Pride Industries. After extensive discovery and three (3) mediation sessions we were able to secure a settlement offer of $XXX,XXX which was declined by the group. As a result, we advised you and the other plaintiffs that unfortunately due to the amount of additional time we anticipated it would take to continue with the case, we were not financially able to continue as your counsel without each of the plaintiffs posting an appropriate retainer. In this regard, we wrote you and the other plaintiffs on or about October 31, 2017 that up to that point we had incurred thousands of dollars in expenses, without reimbursement, and that the time we had expended on the file exceeded well over $100,000.
>
> Therefore, after you secured new counsel we advised him that we were asserting an attorneys lien in the amount of $XX,XXX, $11,138 for expenses, and $XX,XXX, which represents one third of the prior settlement offer of $XXX,XXX which was obtained through our efforts.
>
> Therefore, pursuant to Court Rule 1:20A-6, you are hereby advised that our firm intends to file a lawsuit against you to recover the balance due to this office. Further, pursuant to that Rule, you have the right to request Fee Arbitration. If you wish to do so, you should immediately call *Peter J. Kurshan, Esq., Secretary, District VC Fee Arbitration Committee, Chase Kurshan Herzfeld & Rubin, LLC, 354 Eisenhower Parkway, Suite 1100, Livingston, NJ 07039-1022 – 973-422-6577* and request the appropriate forms.
>
> You are further advised that if you do not promptly communicate with the Fee Committee Secretary and file the approved form of request for fee arbitration within thirty (30) days of receiving this letter, you will lose your right to initiate fee arbitration.

3

(Docket No. 141-1 at 18.)[3]

On April 29, 2019, McKinney informed Resnick that Plaintiffs would not be seeking fee arbitration because the matter was not yet closed, and Plaintiffs intended to address the issue with the Court. (Docket No. 141-1 at 21.)

Plaintiffs challenged the attorney's lien for three reasons: (1) Resnick's retainer agreement with Plaintiffs was unethical and unenforceable; (2) Resnick violated the Rules of Professional Conduct by abandoning Plaintiffs without good cause because the case became more expensive than anticipated and Plaintiffs refused to settle – even though any added time and expense were directly caused by Resnick's errors; and (3) the principles of *quantum meruit* dictated that Resnick should not be permitted to reap the rewards of McKinney's salvaging of this case because Resnick did not "advance" Plaintiffs' case, and its contribution was nil. Resnick vigorously denied all of McKinney's contentions.

---

[3] In the Court's prior Opinion, the Court granted Plaintiffs' motion to seal those portions of their filing that referred to the first settlement amount and any calculation derived from that settlement amount. (Docket No. 159 at 5 n.3.) The Court also noted that because the exact amount of the first settlement was not necessary to the Court's analysis, the Court would similarly redact the references to the amount of the first settlement and any relevant calculations based on that settlement. (Id.)

In the Court's June 29, 2020 Opinion, the Court found as a matter of law that the retainer agreement was not improper at the time it was entered into. (Docket No. 159 at 6-19.) The Court next found that even though Resnick had a valid retainer agreement with Plaintiffs pursuant to which it may be entitled to fees, Resnick's calculation of its fees was invalid because it sought fees in the form of a contingency on the original settlement offer prior to Resnick being relieved as counsel, instead of on a *quantum meruit* basis for the reasonable value of the services rendered. (Id. at 19.)

The Court directed that Resnick was to issue a revised lien demand to Plaintiffs, consistent with N.J. Ct. R. 1:20A-6 (Pre-action Notice to Client), which set forth the reasonable value of Resnick's services rendered. (Id. at 20.) The Court further directed that after Resnick had done so, and if Plaintiffs objected to the new lien, Plaintiffs could avail themselves of the fee dispute arbitration provided by N.J. Ct. R. 1:20A-3 (Arbitration). (Id. at 21.) The Court additionally directed that if the state fee arbitration was not available to Plaintiffs, or if Plaintiffs do not wish to pursue that path, the Court would direct the parties to private mediation in accordance with Local Civil Rule 301.1(d) ("Each Judge and Magistrate Judge may, without the consent of the parties, refer

any civil action to mediation."). (Id.) Finally, the Court found that if mediation was unsuccessful, the Court would direct the parties to contact the magistrate judge to undertake discovery and proceed to trial in due course. (Id. at 21.)

After the Court issued its Opinion, Resnick sent Plaintiffs a revised lien petition. In response, Resnick informed the Court that it wished to pursue mediation, and if that was unsuccessful, then they wished to proceed with discovery and trial. Resnick responded to the Court that even though Plaintiffs wished to pursue mediation, the issue of costs had been unchallenged by Plaintiffs, and Resnick was entitled to its demand for $11,128 in costs immediately. Plaintiffs responded, stating that they had not stipulated or consented to the payment of Resnick's costs. (See Docket Nos. 161-163.)

The Court finds, as set forth in its prior Opinion, that Resnick's attorney lien petition, including the amount of costs,[4] must be sent to private mediation in accordance with Local Civil Rule 301.1. The parties are directed to select a Court-certified mediator. See https://www.njd.uscourts.gov/mediation.

---

[4] Although the Court had noted in its Opinion, "Plaintiffs do not challenge Resnick's entitlement to its costs," (Docket No. 159 at 6 n.4), the Court did not intend to suggest that Plaintiffs affirmatively consented to pay the amount of costs asserted in the lien. Because costs are part of the lien, and the total amount of the lien is challenged by Plaintiffs, the mediator must address both attorney's fees and costs at mediation.

6

The action will be administratively terminated for 90 days from today, with any application for an extension of the administrative termination to be made jointly by the parties and the mediator to this Court.  <u>See</u> L. Civ. R. 301.1(e)(6).

An appropriate Order will be entered.


Date:  <u>April 8, 2021</u>            <u>s/ Noel L. Hillman</u>
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.